IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:10-cr-20216-JTF |
| | ) |
| JERRY HUDDLESTON. | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The United States files the following supplemental response to defendant Huddleston's motion for compassionate release:

The Government received the following documents after filing its initial response on to Defendant's motion for compassionate release:

1. Sentencing Computation Data;
2. BOP Health Services Clinical Encounter-Administrative note;
3. Request for Administrative Remedy;
4. BP-229 Response to Request for Administrative Remedy;
5. Inmate Discipline Data;
6. Inmate Request to Staff for Compassionate Release; and
7. BOP Covid-19 Compassionate Release-Direct Home Detention Review

The Government would submit of particular relevance are the sentencing computation records, the medical records and the disciplinary records.

The sentencing computation data (attachment A), shows the defendant has completed 42.6 percent of his sentence and has a statutory release date of 01-09-2033; a two thirds release date of 07-25-2027; and a full term expiration date of 10-12-2035.

The medical records (attachment B) contain medical evaluations and treatments and are listed in reverse order (the most recent encounter first). The first document in his medical records, indicate he was issued two inhalers on 06-01-20.

The second document is a clinical encounter on 01-13-20. He reports no physical ailments. He specifically indicates in regards to his childhood asthma that he grew out of it and is doing well. He denies night asthma symptoms, having a cough, chills, wheezes, fever, or chest tightness. His results on all examines is normal. He was issued two inhalers to use "as needed" and topical cream for a rash.

The third documented clinical encounter is on 10-11-19, for a complaint of eye pain.

The last document is dated 09-16-19, in which he was assessed after he was subdued after refusing to remove barricades he placed on his cell door and covered the cell window. No injury was documented. The Government would submit that the records reflect defendant's asthma is mild at best, he appears to be in good health and his medical needs are being seen to by trained medical personal.

The discipline records that are included in this filing (Attachment E) are of note and support the government's position that the defendant is a danger to the community. The defendant has been sanctioned multiple times since his incarceration. The infractions include: refusing to obey orders, fights, possession of a weapon (shank), threats of bodily harm incidents, possession of razors and slipping his restraints.

## Conclusion

Huddleston's motion for this Court to order his release should be denied.

Respectfully submitted,

D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

By: s/Lorraine Craig
Lorraine Craig
Assistant United States Attorney
167 N. Main, Suite 800
Memphis, Tennessee 38103
(901) 544-4231

## CERTIFICATE OF SERVICE

I, Lorraine Craig, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing has been sent to Defendant via U.S. Mail.

This date: June 22, 2020

By:   s/Lorraine Craig
Assistant United States Attorney